SHANNON L. BETTIS NAKABAYASHI (SBN 215469)
  *shannon.nakabayashi@jacksonlewis.com*
JACKSON LEWIS PC
50 California St., 9th Floor
San Francisco, California 94111
Telephone: (415) 394-9400
Facsimile:  (415) 394-9401

LOUISE ANN "LUZANN" FERNANDEZ (SBN 86263)
  *lfernandez@bzbm.com*
PATRICK M. RYAN (SBN 203215)
  *pryan@bzbm.com*
AN NGUYEN RUDA (SBN 215453)
  *aruda@bzbm.com*
CHAD E. DEVEAUX (SBN 215482)
  *cdeveaux@bzbm.com*
P. CASEY MATHEWS (SBN 311838)
  *cmathews@bzbm.com*
JOSIAH R. JENKINS (SBN 332418)
  *jjenkins@bzbm.com*
TAYLOR YAMAHATA (SBN 347192)
  *tyamahata@bzbm.com*
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

Attorneys for Defendant
THE SPORTS BASEMENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLDEN KIMBER, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE SPORTS BASEMENT, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.<br><br>**DEFENDANT THE SPORTS BASEMENT, INC'S NOTICE OF REMOVAL**<br><br>Complaint Filed:  September 25, 2023<br>Trial Date:        None Set |

3104.000/1942980.2

1   **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF**

2   **CALIFORNIA AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3           PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant The

4   Sports Basement, Inc. ("Defendant") hereby removes this action from the Superior Court of the

5   State of California for the County of San Francisco to the United States District Court for the

6   Northern District of California. This Court has original jurisdiction of this action under 28 U.S.C.

7   § 1331(a), and this action is removed to this Court pursuant to, among other applicable statutory

8   provisions, 28 U.S.C. §§ 1441(a) and 1446. In support of this Notice of Removal, Defendant sets

9   forth the following grounds for removal:

10  **I.      PROCEDURAL HISTORY**

11          1.      On or about September 25, 2023, Plaintiff Colden Kimber ("Plaintiff") filed a

12  complaint in the Superior Court of the State of California in and for the County of San Francisco,

13  entitled *Colden Kimber, Plaintiff, v. The Sports Basement, Inc. and Does 1 through 50*, as case

14  CGC-23-609276 (the "Complaint"). True and correct copies of the Summons and Complaint are

15  attached hereto as **Exhibit A**. Defendants have not pled, answered, or otherwise appeared in the

16  Action. A true and correct copy of the Proof of Service of the Summons, which Plaintiff filed in

17  San Francisco County Superior on November 22, 2023, it attached hereto as **Exhibit B**.

18          2.      The Complaint alleges nine claims for relief stemming from Plaintiff's prior

19  employment with Defendant: (1) Unlawful Business Practices; (2) Failure to Pay Minimum

20  Wages; (3) Failure to Pay Overtime Compensation; (4) Failure to Provide Required Meal Periods;

21  (5) Failure to Provide Required Rest Periods; (6) Failure to Provide Accurate Itemized Statements;

22  (7) Failure to Reimburse Employees for Required Expenses; (8) Failure to Pay Wages When Due;

23  and (9) Failure to Pay Sick Pay Wages.

24          3.      Since the Doe defendants have not yet been served, they need not join or consent to

25  Defendant's Notice of Removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429

26  (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined [in the petition for

27  removal.]"), superseded by statute on other grounds; *Cmty. Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678,

28  679 (9th Cir. 1925) ("[D]efendants over whom the court has not acquired jurisdiction may be

1  disregarded in removal proceedings, and [ ] the defendants who have been summoned must of

2  necessity be allowed to exercise their right of removal."); *Fristoe v. Reynolds Metals Co.*, 615

3  F.2d 1209, 1213 (9th Cir. 1980) ("[U]nknown defendants sued as 'Does' need not be joined in a

4  removal petition.").

5        4.      On December 20, 2023, Defendant filed its Answer ("Answer") to the Complaint in

6  the Superior Court of the State of California in and for the County of San Francisco. A true and

7  correct copy of Defendants' Answer is attached hereto as **Exhibit C**.

8  **II.      NOTICE OF REMOVAL IS TIMELY**

9        5.      This notice of removal is timely as it is being filed within 30 days of service of the

10  summons and complaint on Defendant. 28 U.S.C. § 1446(b); *see also Destfino v. Reiswig*, 630

11  F.3d 952, 956 (9th Cir. 2011) ("[E]ach defendant is entitled to thirty days to exercise his removal

12  rights after being served.").

13        6.      As evidenced by the proof of service filed by Plaintiff, Plaintiff purported to serve

14  Defendant in this matter with the Summons, Complaint, Civil Case Cover, Notice to Plaintiff,

15  Order Denying Complex Designation for Failure to File Application Requesting Designation, and

16  Alternative Dispute Resolution Information Package on November 22, 2023 by delivering copies

17  of those documents to the store manager for Defendants' location in the Presidio of San Francisco.

18  *See* **Exhibit B**.

19        7.      Thus, removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty

20  (30) days of receipt of Plaintiff's initial pleading by Defendant from which Defendant could first

21  ascertain that this case was properly removable.

22  **III.     JURISDICTION**

23        8.      This Action is within the original jurisdiction of this Court under 28 U.S.C. § 1331.

24  Section 1331(a) provides that Federal district courts have original jurisdiction in actions "arising

25  under the Constitution, laws, or treaties of the United States." Federal question jurisdiction exists

26  if federal law either creates the cause of action or the plaintiff's right to relief necessarily depends

27  on resolution of a substantial question of federal law. *Franchise Tax Bd. of State of Cal. v. Constr.*

28  *Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983).

9.      This Court has jurisdiction over this matter per 28 U.S.C. § 1331 because Plaintiff's allegations against Defendant arise from Defendant's alleged conduct within a federal enclave. Specifically, Plaintiff purports to "bring[] this Class Action on behalf of himself and a California class, defined as *all individuals who are or previously were employed by DEFENDANT in California* . . . at any time during the period beginning four (4) years prior to the filing of th[e] Complaint . . . ." *See* Exhibit A ¶ 4 (emphasis added).

10.     Since 2003, Defendant's corporate headquarters and principal place of business has been located in the Presidio of San Francisco, a federal enclave located within the State of California at 610 Old Mason Street, San Francisco, CA, 94129. Declaration of Eric Prosnitz ("Prosnitz Decl.") ¶¶ 3-5.

11.     Since 2003, Defendant's flagship store has been located in the Presidio of San Francisco at 610 Old Mason Street, San Francisco, CA, 94129. Prosnitz Decl. ¶ 6. And during that time Defendant has continuously employed non-exempt employees at its Presidio store. *Id.* ¶ 7. Because the Presidio store is located within the State of California, Plaintiff purports to bring claims "on behalf of . . . individuals who are or previously were employed by DEFENDANT" at the Presidio store. *See* **Exhibit A** ¶ 4.

12.     It is well-established that the Presidio is a federal enclave. *Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1034-1036 (N.D. Cal. 2005); *Totah v. Bies*, No. C 10-05956 CW, 2011 WL 1324471, at *2 (N.D. Cal. Apr. 6, 2011) ("The United States acquired exclusive jurisdiction over the Presidio in 1897, establishing it as a federal enclave."); *Klausner v. Lucas Film Ent. Co.*, No. 09-03502 CW, 2010 WL 1038228, at *4 (N.D. Cal. Mar. 19, 2010); *see Standard Oil Co. v. California*, 291 U.S. 242, 244 (1934) ("By Act of March 2, 1897, California ceded to the United States exclusive jurisdiction over this area with a proviso—'That this state reserves the right to serve and execute on said lands all civil process, not incompatible with this cession, and such criminal process as may lawfully issue under the authority of this state against any person or persons charged with crimes committed without said lands'").

13.     "[F]ederal enclaves are under the exclusive jurisdiction of the United States, meaning the property and activities of individuals and corporations within that territory are also

under federal jurisdiction." *Swords to Plowshares*, 423 F. Supp. 2d at 1034. This falls within this Court's federal question jurisdiction. *Id*. at 1037; *Stiefel v. Bechtel Corp*., 497 F.Supp.2d 1138, 1148 (S.D. Cal. 2007).

## IV.    REMOVAL OF THE ACTION IS PROPER

14.    Removal is appropriate under 28 U.S.C. sections 1331, 1367, and 1441 because Plaintiff seeks claims arising from work performed on a federal enclave.

15.    Removal is also appropriate under 28 U.S.C. sections 1331, 1367, and 1441 because the Presidio is Defendant's principal place of business. The forum of a litigant's principal place of business has an interest in applying the law of the forum to suits involving the litigant. In this case, the law of Defendant's principal place of business, the Presidio, is federal law.

16.    This Court also has supplemental jurisdiction, pursuant to 18 U.S.C. § 1367, over any claims arising from work done outside of the Presidio even if those claims were governed by state law because such claims would be so related to the remaining claims that they form part of the same case or controversy under Article III of the United States Constitution.

## V.    VENUE

17.    Venue is proper in the United States District Court for the Northern District of California because 28 U.S.C. section 1441(a) states, in part "any civil action . . . may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The Superior Court of California, County of San Francisco, is located within the jurisdiction of the United States District Court for the Northern District. 28 U.S.C. § 84(a).

## VI.    INTRADISTRICT ASSIGNMENT

18.    This action should be assigned to the San Francisco or Oakland Division of this Court pursuant to Civil L.R. 3-2(c) & (d) because a substantial part of the alleged events or omissions giving rise to this action occurred in San Francisco County.

## VII.    NOTICE TO STATE COURT AND PLAINTIFF

19.    Defendants will give written notice of the filing of this notice of removal as required by 28 U.S.C. § 1446(d). Copies of this Notice of Removal and a Notice of Filing of this

1   Notice of Removal will be filed with the Clerk of the Superior Court of the State of California,

2   County of San Francisco, and promptly served on Plaintiff. A true and correct copy of the Notice

3   of Filing of Notice of Removal is attached hereto as **Exhibit D**.

4   **VIII.   CONCLUSION**

5          20.     For the foregoing reasons, this Court has original jurisdiction over this Action, and

6   Defendants hereby remove this Action pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 and

7   42 U.S.C. §§ 1983, 2000cc *et seq*.

8   DATED:  December 21, 2023                              Respectfully submitted,

9                                                  BARTKO ZANKEL BUNZEL & MILLER
                                                      A Professional Law Corporation
10

11                                          By:  _____/s/ Patrick M. Ryan_____
                                                      PATRICK M. RYAN
12                                               Attorneys for Defendant THE SPORTS
                                                       BASEMENT, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco

09/25/2023
Clerk of the Court
BY: DAEJA ROGERS
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| COLDEN KIMBER, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>THE SPORTS BASEMENT, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. _____  **CGC-23-609276**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br>2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br>3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE § 510;<br>4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;<br>8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and,<br>9. FAILURE TO PAY SICK PAY WAGES IN VIOLATION OF CAL. LAB CODE §§201-203, 233, 246.<br><br>**DEMAND FOR A JURY TRIAL** |

1

CLASS ACTION COMPLAINT

Colden Kimber ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following.

## THE PARTIES

1.      The Sports Basement, Inc. ("DEFENDANT") is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

2.      DEFENDANT is an outdoor gear and apparel store in California.

3.      PLAINTIFF was employed by DEFENDANT in California from October 25, 2021 to June 20, 2023. PLAINTIFF was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.      PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.      PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS.  PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA

1  CLASS who have been economically injured by DEFENDANT's past and current unlawful

2  conduct, and all other appropriate legal and equitable relief.

3      6.      The true names and capacities, whether individual, corporate, subsidiary,

4  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are

5  presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious

6  names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF will seek leave to amend this

7  Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when

8  they are ascertained.  PLAINTIFF is informed and believes, and based upon that information

9  and belief alleges, that the Defendants named in this Complaint, including DOES 1 through

10  50, inclusive, are responsible in some manner for one or more of the events and happenings

11  that proximately caused the injuries and damages hereinafter alleged.

12      7.      The agents, servants and/or employees of the Defendants and each of them

13  acting on behalf of the Defendants acted within the course and scope of his, her or its

14  authority as the agent, servant and/or employee of the Defendants, and personally

15  participated in the conduct alleged herein on behalf of the Defendants with respect to the

16  conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable to

17  the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and

18  the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result

19  of the conduct of the Defendants' agents, servants and/or employees.

20

21                          **THE CONDUCT**

22      8.      Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT

23  was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time

24  worked, meaning the time during which an employee is subject to the control of an

25  employer, including all the time the employee is suffered or permitted to work.

26  DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS Members to work without

27  paying them for all the time they are under DEFENDANT's control. Among other things,

28  DEFENDANT requires PLAINTIFF to work while clocked out during what is supposed to

be PLAINTIFF's off-duty meal break. PLAINTIFF was from time to time interrupted by work assignments while clocked out for what should have been PLAINTIFF's off-duty meal break. DEFENDANT, as a matter of established company policy and procedure, administers a uniform practice of rounding the actual time worked and recorded by PLAINTIFF and CALIFORNIA CLASS Members, always to the benefit of DEFENDANT, so that during the course of their employment, PLAINTIFF and CALIFORNIA CLASS Members are paid less than they would have been paid had they been paid for actual recorded time rather than "rounded" time.  Additionally,  DEFENDANT engages in the practice of requiring PLAINTIFF and CALIFORNIA CLASS Members to perform work off the clock in that DEFENDANT, as a condition of employment, required these employees to submit to mandatory temperature checks and symptom questionnaires for COVID-19 screening prior to clocking into DEFENDANT's timekeeping system for the workday. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeit minimum wage, overtime wage compensation, and off-duty meal breaks by working without their time being correctly recorded and without compensation at the applicable rates. DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

9.      State and federal law provides that employees must be paid overtime and meal and rest break premiums at one-and-one-half times their "regular rate of pay."  PLAINTIFF and other CALIFORNIA CLASS Members are compensated at an hourly rate plus incentive pay that is tied to specific elements of an employee's performance.

10.     The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation is DEFENDANT's non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT.  The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT.  However, when calculating the regular rate of pay in order to pay overtime and meal and rest break premiums to PLAINTIFF and

other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay and meal and rest break premium pay.  Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay."  The failure to do so has resulted in a underpayment of overtime compensation and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

11.     As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods.  PLAINTIFF and other CALIFORNIA CLASS Members were required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break.  Further, DEFENDANT from time to time failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work.  DEFENDANT also engaged in the practice of rounding the meal period times to avoid paying penalties to PLAINTIFF and other CALIFORNIA CLASS Members. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

12.     During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts

worked of ten (10) hours or more from time to time.  PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof.  Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control.  In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period.  Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back.  Here, DEFENDANT's policy restricted PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members cannot leave the work premises during their rest period.

13.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked.  Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work.  DEFENDANT required these employees to work off the clock without paying them for all the time they were under DEFENDANT's control.  As such, DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under compensated for all time worked.  As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime wage rates.  To the extent that the time worked off the clock does not qualify for overtime premium payment, DEFENDANT fails to pay

1 | minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194,
2 | 1197, and 1197.1.

3 |      14.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the
4 | other members of the CALIFORNIA CLASS with complete and accurate wage statements
5 | which failed to show, among other things, the correct gross and net wages earned. Cal. Lab.
6 | Code § 226 provides that every employer shall furnish each of his or her employees with an
7 | accurate itemized wage statement in writing showing, among other things, gross wages
8 | earned and all applicable hourly rates in effect during the pay period and the corresponding
9 | amount of time worked at each hourly rate. PLAINTIFF and CALIFORNIA CLASS
10 | Members were paid on an hourly basis. As such, the wage statements should reflect all
11 | applicable hourly rates during the pay period and the total hours worked, and the applicable
12 | pay period in which the wages were earned pursuant to California Labor Code Section
13 | 226(a). The wage statements DEFENDANT provided to PLAINTIFF and other
14 | CALIFORNIA CLASS Members failed to identify such information. More specifically, the
15 | wage statements failed to identify the accurate total hours worked each pay period. When
16 | the hours shown on the wage statements were added up, they did not equal the actual total
17 | hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2). Aside, from
18 | the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF
19 | an itemized wage statement that lists all the requirements under California Labor Code 226
20 | *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFF and the other
21 | members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code
22 | § 226.

23 |      15.    Cal. Lab. Code § 204(d) provides, the requirements of this section shall be
24 | deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if
25 | the wages are paid not more than seven (7) calendar days following the close of the payroll
26 | period. Cal. Lab. Code § 210 provides:

27 | in   [I]n addition to, and entirely independent and apart from, any other penalty provided
28 | this article, every person who fails to pay the wages of each employee as provided in
Sections. . . .204. . .shall be subject to a civil penalty as follows: (1) For any initial

1 | violation, one hundred dollars ($100) for each failure to pay each employee; (2) For
2 | each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

3   16.    DEFENDANT from time to time failed to pay PLAINTIFF and members of
4 the CALIFORNIA LABOR SUB-CLASS Members within seven (7) days of the close of the
5 payroll period in accordance with Cal. Lab. Code § 204(d), including but not limited to for
6 the "Hourly" regular wage payments.

7   17.    DEFENDANT underpaid sick pay wages to PLAINTIFF and other
8 CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay in
9 violation of Cal. Lab. Code Section 246.  Specifically, PLAINTIFF and other non-exempt
10 employees earn non-discretionary remuneration.  Rather than pay sick pay at the regular rate
11 of pay, DEFENDANT underpaid sick pay to PLAINTIFF and other CALIFORNIA CLASS
12 Members at their base rates of pay.

13   18.    Cal. Lab. Code Section 246(l)(2) requires that paid sick time for nonexempt
14 employees be calculated by dividing the employee's total wages, not including overtime
15 premium pay, by the employee's total hours worked in the full pay periods of the prior 90
16 days of employment.

17   19.    DEFENDANT violated Cal. Lab. Code Section 246 by failing to pay sick pay
18 at the regular rate of pay. PLAINTIFF and CALIFORNIA CLASS Members routinely
19 earned non-discretionary incentive wages which increased their regular rate of pay.
20 However, when sick pay was paid, it was paid at the base rate of pay for PLAINTIFF and
21 members of the CALIFORNIA CLASS, as opposed to the correct, higher regular rate of pay,
22 as required under Cal. Lab. Code Section 246.

23   20.    As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF
24 and other members of the CALIFORNIA CLASS their correct wages and accordingly owe
25 waiting time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF is
26 informed and believes and based thereon alleges that such failure to pay sick pay at regular
27 rate was willful, such that PLAINTIFF and members of the CALIFORNIA CLASS whose
28

1  employment has separated are entitled to waiting time penalties pursuant to Cal. Lab. Code
2  Sections 201-203.

3      21.    Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer
4  to collect or receive from an employee any part of wages theretofore paid by said employer
5  to said employee." DEFENDANT failed to pay all compensation due to PLAINTIFF and
6  other CALIFORNIA LABOR SUB-CLASS Members, made unlawful deductions from
7  compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members,
8  failed to disclose all aspects of the deductions from compensation payable to PLAINTIFF
9  and CALIFORNIA LABOR SUB-CLASS Members, and thereby failed to pay these
10 employees all wages due at each applicable pay period and upon termination. PLAINTIFF
11 and members of the CALIFORNIA LABOR SUB-CLASS seek recovery of all illegal
12 deductions from wages according to proof, related penalties, interest, attorney fees and costs.

13     22.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify
14 PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses
15 incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct
16 consequence of discharging their duties on behalf of DEFENDANT. Under California
17 Labor Code Section 2802, employers are required to indemnify employees for all expenses
18 incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly
19 states that "an employer shall indemnify his or her employee for all necessary expenditures
20 or losses incurred by the employee in direct consequence of the discharge of his or her
21 duties, or of his or her obedience to the directions of the employer, even though unlawful,
22 unless the employee, at the time of obeying the directions, believed them to be unlawful."

23     23.    In the course of their employment PLAINTIFF and other CALIFORNIA
24 CLASS Members as a business expense, were required by DEFENDANT to use their own
25 personal cellular phones as a result of and in furtherance of their job duties as employees for
26 DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost
27 associated with the use of their personal cellular phones for DEFENDANT's benefit.
28 Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by

9

DEFENDANT to use their personal cellular phones.  As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

24.    In violation of the applicable sections of the California Labor Code and the requirements of the applicable Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally, knowingly and systematically failed to provide PLAINTIFF and the other Aggrieved Employees suitable seating when the nature of these employees' work reasonably permitted sitting.

25.    DEFENDANT knew or should have known that PLAINTIFF and other Aggrieved Employees were entitled to suitable seating and/or were entitled to sit when it did not interfere with the performance of their duties, and that DEFENDANT did not provide suitable seating and/or did not allow them to sit when it did not interfere with the performance of their duties.

26.    By reason of this conduct applicable to PLAINTIFF and all Aggrieved Employees, DEFENDANT violated California Labor Code Section 1198 and California Code of Regulations, Title 8, Section 11070(14) (Failure to Provide Seating),  Wage Order 4-2001, Section 14 by failing to provide suitable seats.  PLAINTIFF seeks penalties on behalf of PLAINTIFF and other Aggrieved Employees as provided herein.  Providing suitable seating is the DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT violated the California Labor Code and regulations promulgated thereunder as herein alleged.

27.    Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to PLAINTIFF as required by the applicable Wage Order and Labor Code and failed to pay PLAINTIFF all minimum and overtime wages due to PLAINTIFF.  DEFENDANT did not have a policy or practice which provided timely off-

1  duty meal and rest breaks to PLAINTIFF and also failed to compensate PLAINTIFF for

2  PLAINTIFF's missed meal and rest breaks. The nature of the work performed by the

3  PLAINTIFF did not prevent PLAINTIFF from being relieved of all of PLAINTIFF's duties

4  for the legally required off-duty meal periods.  As a result, DEFENDANT's failure to

5  provide PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's

6  business records.   The amount in controversy for PLAINTIFF individually does not exceed

7  the sum or value of $75,000.

8                      **JURISDICTION AND VENUE**

9       28.    This Court has jurisdiction over this Action pursuant to California Code of

10 Civil Procedure, Section 410.10 and California Business & Professions Code, Section

11 17203.  This action is brought as a Class Action on behalf of PLAINTIFF and similarly

12 situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

13      29.    Venue is proper in this Court pursuant to California Code of Civil Procedure,

14 Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and

15 DEFENDANT (i) currently maintains and at all relevant times maintained offices and

16 facilities in this County and/or conducts substantial business in this County, and (ii)

17 committed the wrongful conduct herein alleged in this County against members of the

18 CALIFORNIA CLASS.

19

20                      **THE CALIFORNIA CLASS**

21      30.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and

22 Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the

23 "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a

24 California class, defined as all individuals who are or previously were employed by

25 DEFENDANT in California, including any employees staffed with DEFENDANT by a third

26 party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time

27 during the period beginning four (4) years prior to the filing of this Complaint and ending on

28

CLASS ACTION COMPLAINT

the date as determined by the Court  (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

31.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

32.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

33.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws.  The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.  This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

34.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

35.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

        (a)    Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL"), by unlawfully, unfairly

and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees; and,

(b)     Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

36.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or

1   identically harmed by the same unlawful, deceptive and unfair

2   misconduct engaged in by DEFENDANT; and,

3   (d)   The representative PLAINTIFF will fairly and adequately represent and

4   protect the interest of the CALIFORNIA CLASS, and has retained

5   counsel who are competent and experienced in Class Action litigation.

6   There are no material conflicts between the claims of the representative

7   PLAINTIFF and the members of the CALIFORNIA CLASS that would

8   make class certification inappropriate.  Counsel for the CALIFORNIA

9   CLASS will vigorously assert the claims of all CALIFORNIA CLASS

10  Members.

11  37.    In addition to meeting the statutory prerequisites to a Class Action, this action

12  is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

13  (a)   Without class certification and determination of declaratory, injunctive,

14  statutory and other legal questions within the class format, prosecution

15  of separate actions by individual members of the CALIFORNIA

16  CLASS will create the risk of:

17  1)   Inconsistent or varying adjudications with respect to individual

18  members of the CALIFORNIA CLASS which would establish

19  incompatible standards of conduct for the parties opposing the

20  CALIFORNIA CLASS; and/or,

21  2)   Adjudication with respect to individual members of the

22  CALIFORNIA CLASS which would as a practical matter be

23  dispositive of interests of the other members not party to the

24  adjudication or substantially impair or impede their ability to

25  protect their interests.

26  (b)   The parties opposing the CALIFORNIA CLASS have acted or refused

27  to act on grounds generally applicable to the CALIFORNIA CLASS,

28  making appropriate class-wide relief with respect to the CALIFORNIA

14

CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1)   With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief,  injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)   Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which

1          would establish incompatible standards of conduct for the

2          DEFENDANT; and/or,

3      B.    Adjudications with respect to individual members of the

4          CALIFORNIA CLASS would as a practical matter be

5          dispositive of the interests of the other members not

6          parties to the adjudication or substantially impair or

7          impede their ability to protect their interests;

8     3)    In the context of wage litigation because a substantial number of

9         individual CALIFORNIA CLASS Members will avoid asserting

10        their legal rights out of fear of retaliation by DEFENDANT,

11        which may adversely affect an individual's job with

12        DEFENDANT or with a subsequent employer, the Class Action

13        is the only means to assert their claims through a representative;

14        and,

15     4)    A class action is superior to other available methods for the fair

16        and efficient adjudication of this litigation because class

17        treatment will obviate the need for unduly and unnecessary

18        duplicative litigation that is likely to result in the absence of

19        certification of this action pursuant to Cal. Code of Civ. Proc. §

20        382.

21     38.   This Court should permit this action to be maintained as a Class Action

22  pursuant to Cal. Code of Civ. Proc. § 382 because:

23      (a)   The questions of law and fact common to the CALIFORNIA CLASS

24        predominate over any question affecting only individual CALIFORNIA

25        CLASS Members because the DEFENDANT's employment practices

26        are applied with respect to the CALIFORNIA CLASS;

27      (b)   A Class Action is superior to any other available method for the fair

28        and efficient adjudication of the claims of the members of the

CLASS ACTION COMPLAINT

CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

39.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

40.     PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth causes Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court  (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.  The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

41.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR

1   SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD
2   should be adjusted accordingly.

3          42.    DEFENDANT maintains records from which the Court can ascertain and
4   identify by name and job title, each of DEFENDANT's employees who have been
5   intentionally subjected to DEFENDANT's company policy, practices and procedures as
6   herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any
7   additional job titles of similarly situated employees when they have been identified.

8          43.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all
9   CALIFORNIA LABOR SUB-CLASS Members is impracticable.

10         44.    Common questions of law and fact exist as to members of the CALIFORNIA
11  LABOR SUB-CLASS, including, but not limited, to the following:

12                (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay
13                       compensation due to members of the CALIFORNIA LABOR SUB-
14                       CLASS for missed meal and rest breaks in violation of the California
15                       Labor Code and California regulations and the applicable California
16                       Wage Order;

17                (b)    Whether DEFENDANT failed to provide the PLAINTIFF and the other
18                       members of the CALIFORNIA LABOR SUB-CLASS with accurate
19                       itemized wage statements;

20                (c)    Whether DEFENDANT has engaged in unfair competition by the
21                       above-listed conduct;

22                (d)    The proper measure of damages and penalties owed to the members of
23                       the CALIFORNIA LABOR SUB-CLASS; and,

24                (e)    Whether DEFENDANT's conduct was willful.

25         45.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-
26  CLASS under California law by:

27                (a)    Violating Cal. Lab. Code § 510, by failing to correctly pay the
28                       PLAINTIFF and the members of the CALIFORNIA LABOR SUB-

19

CLASS ACTION COMPLAINT

CLASS all wages due for overtime worked, for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b)     Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(c)     Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee;

(d)     Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required off-duty rest breaks;

(e)     Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment; and,

(f)     Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties.

46.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)     The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-

20

1    CLASS Members is impracticable and the disposition of their claims as

2    a class will benefit the parties and the Court;

3    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief

4    issues that are raised in this Complaint are common to the

5    CALIFORNIA LABOR SUB-CLASS and will apply to every member

6    of the CALIFORNIA LABOR SUB-CLASS;

7    (c)    The claims of the representative PLAINTIFF are typical of the claims

8    of each member of the CALIFORNIA LABOR SUB-CLASS.

9    PLAINTIFF, like all the other members of the CALIFORNIA LABOR

10    SUB-CLASS, was a non-exempt employee paid on an hourly basis who

11    was subjected to the DEFENDANT's practice and policy which failed

12    to pay the correct amount of wages due to the CALIFORNIA LABOR

13    SUB-CLASS.  PLAINTIFF sustained economic injury as a result of

14    DEFENDANT's employment practices.  PLAINTIFF and the members

15    of the CALIFORNIA LABOR SUB-CLASS were and are similarly or

16    identically harmed by the same unlawful, deceptive, and unfair

17    misconduct engaged in by DEFENDANT; and,

18    (d)    The representative PLAINTIFF will fairly and adequately represent and

19    protect the interest of the CALIFORNIA LABOR SUB-CLASS, and

20    has retained counsel who are competent and experienced in Class

21    Action litigation.  There are no material conflicts between the claims of

22    the representative PLAINTIFF and the members of the CALIFORNIA

23    LABOR SUB-CLASS that would make class certification

24    inappropriate.  Counsel for the CALIFORNIA LABOR SUB-CLASS

25    will vigorously assert the claims of all CALIFORNIA LABOR SUB-

26    CLASS Members.

27    47.    In addition to meeting the statutory prerequisites to a Class Action, this action

28    is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)     Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT fails to pay all wages due. Including the correct wages for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)     Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

CLASS ACTION COMPLAINT

1                1)      The interests of the members of the CALIFORNIA LABOR

2                         SUB-CLASS in individually controlling the prosecution or

1) The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.    Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class

23

1    treatment will obviate the need for unduly and unnecessary

2    duplicative litigation that is likely to result in the absence of

3    certification of this action pursuant to Cal. Code of Civ. Proc. §

4    382.

5    48.    This Court should permit this action to be maintained as a Class Action

6    pursuant to Cal. Code of Civ. Proc. § 382 because:

7    (a)    The questions of law and fact common to the CALIFORNIA LABOR

8    SUB-CLASS predominate over any question affecting only individual

9    CALIFORNIA LABOR SUB-CLASS Members;

10    (b)    A Class Action is superior to any other available method for the fair

11    and efficient adjudication of the claims of the members of the

12    CALIFORNIA LABOR SUB-CLASS because in the context of

13    employment litigation a substantial number of individual

14    CALIFORNIA LABOR SUB-CLASS Members will avoid asserting

15    their rights individually out of fear of retaliation or adverse impact on

16    their employment;

17    (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so

18    numerous that it is impractical to bring all members of the

19    CALIFORNIA LABOR SUB-CLASS before the Court;

20    (d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

21    Members, will not be able to obtain effective and economic legal

22    redress unless the action is maintained as a Class Action;

23    (e)    There is a community of interest in obtaining appropriate legal and

24    equitable relief for the acts of unfair competition, statutory violations

25    and other improprieties, and in obtaining adequate compensation for

26    the damages and injuries which DEFENDANT's actions have inflicted

27    upon the CALIFORNIA LABOR SUB-CLASS;

28

CLASS ACTION COMPLAINT

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

## FIRST CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§  17200, *et seq.*]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

49.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

50.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

51.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

25

Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

52.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 221, 226.7, 246, 510, 512, 1194, 1197, 1197.1, 1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

53.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

54.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated meal and rest periods, the required amount of compensation for missed meal and rest periods and overtime and minimum wages owed, failed to timely pay wages, and failed to reimburse all necessary business expenses incurred, and failed to provide Fair Labor Standards Act overtime wages due for overtime worked as a result of failing to include non-

26

discretionary incentive compensation into their regular rates of pay for purposes of computing the proper overtime pay due to a business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

55.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

56.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally required meal breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

57.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

58.    PLAINTIFF further demands on behalf of himself and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off-duty paid rest period was not timely provided as required by law.

59.    By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

27

1    60.    All the acts described herein as violations of, among other things, the

2    Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the

3    California Labor Code, were unlawful and in violation of public policy, were immoral,

4    unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful,

5    unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et*

6    *seq*.

7    61.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled

8    to, and do, seek such relief as may be necessary to restore to them the money and property

9    which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

10   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

11   unfair business practices, including earned but unpaid wages for all time worked.

12   62.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

13   entitled to, and do, seek a declaration that the described business practices are unlawful,

14   unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT

15   from engaging in any unlawful and unfair business practices in the future.

16   63.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no

17   plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business

18   practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur

19   unabated.  As a result of the unlawful and unfair business practices described herein,

20   PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will

21   continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained

22   from continuing to engage in these unlawful and unfair business practices.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

CLASS ACTION COMPLAINT

**SECOND CAUSE OF ACTION**

**For Failure To Pay Minimum Wages**

**[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

64.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

65.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

66.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

67.    Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

68.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

69.    DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

70.    DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

29

1    implementing a policy and practice that denies accurate compensation to PLAINTIFF and

2    the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum

3    wage pay.

4        71.    In committing these violations of the California Labor Code, DEFENDANT

5    inaccurately calculated the correct time worked and consequently underpaid the actual time

6    worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS.

7    DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and

8    other benefits in violation of the California Labor Code, the Industrial Welfare Commission

9    requirements and other applicable laws and regulations.

10       72.    As a direct result of DEFENDANT's unlawful wage practices as alleged

11   herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did

12   not receive the correct minimum wage compensation for their time worked for

13   DEFENDANT.

14       73.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

15   required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

16   Members to work without paying them for all the time they were under DEFENDANT's

17   control.  During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

18   other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked

19   that they were entitled to, constituting a failure to pay all earned wages.

20       74.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

21   compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

22   CLASS for the true time they worked, PLAINTIFF and the other members of the

23   CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

24   economic injury in amounts which are presently unknown to them and which will be

25   ascertained according to proof at trial.

26       75.    DEFENDANT knew or should have known that PLAINTIFF and the other

27   members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their

28   time worked.  DEFENDANT elected, either through intentional malfeasance or gross

1   nonfeasance, to not pay employees for their labor as a matter of company policy, practice

2   and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF

3   and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum

4   wages for their time worked.

5          76.    In performing the acts and practices herein alleged in violation of California

6   labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-

7   CLASS for all time worked and provide them with the requisite compensation,

8   DEFENDANT acted and continues to act intentionally, oppressively, and maliciously

9   toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

10  with a conscious and utter disregard for their legal rights, or the consequences to them, and

11  with the despicable intent of depriving them of their property and legal rights, and otherwise

12  causing them injury in order to increase company profits at the expense of these employees.

13         77.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

14  CLASS therefore request recovery of all unpaid wages, according to proof, interest,

15  statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

16  in a sum as provided by the California Labor Code and/or other applicable statutes.  To the

17  extent minimum wage compensation is determined to be owed to the CALIFORNIA

18  LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's

19  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

20  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

21  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's

22  conduct as alleged herein was willful, intentional and not in good faith.  Further,

23  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek

24  and recover statutory costs.

25  ///

26  ///

27  ///

28  ///

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code § 510]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

78.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs of this Complaint.

79.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

80.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

81.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek  unless they receive additional compensation beyond their regular wages in amounts specified by law.

82.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

83.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

1  CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by

2  DEFENDANT to work for DEFENDANT and were not paid for all the time they worked,

3  including overtime work.

4         84.    DEFENDANT's unlawful wage and hour practices manifested, without

5  limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

6  implementing a policy and practice that failed to accurately record overtime worked by

7  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate

8  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

9  CLASS for overtime worked, including, the overtime work performed in excess of eight (8)

10 hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any

11 workweek.

12         85.    In committing these violations of the California Labor Code, DEFENDANT

13 inaccurately recorded overtime worked and consequently underpaid the overtime worked by

14 PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members.  DEFENDANT

15 acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in

16 violation of the California Labor Code, the Industrial Welfare Commission requirements

17 and other applicable laws and regulations. As a direct result of DEFENDANT's unlawful

18 wage practices as alleged herein, the PLAINTIFF and the other members of the

19 CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime

20 worked.

21         86.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt

22 from the overtime requirements of the law.  None of these exemptions are applicable to the

23 PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further,

24 PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not

25 subject to a valid collective bargaining agreement that would preclude the causes of action

26 contained herein this Complaint.  Rather, PLAINTIFF brings this Action on behalf of

27 himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations

28 of non-negotiable, non-waiveable rights provided by the State of California.

87.     During the CALIFORNIA LABOR SUB-CLASS PERIOD,  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for overtime worked that they are entitled to, constituting a failure to pay all earned wages.

88.     DEFENDANT failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay as evidenced by DEFENDANT's business records and witnessed by employees.

89.     By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true amount of time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

90.     DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

91.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them,

1  and with the despicable intent of depriving them of their property and legal rights, and

2  otherwise causing them injury in order to increase company profits at the expense of these

3  employees.

4        92.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

5  CLASS therefore request recovery of all overtime wages, according to proof, interest,

6  statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

7  in a sum as provided by the California Labor Code and/or other applicable statutes.  To the

8  extent minimum and/or overtime compensation is determined to be owed to the

9  CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment,

10  DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these

11  individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which

12  penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS

13  Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in

14  good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members

15  are entitled to seek and recover statutory costs.

16

17  **<u>FOURTH CAUSE OF ACTION</u>**

18  **For Failure to Provide Required Meal Periods**

19  **[Cal. Lab. Code §§ 226.7 & 512 ]**

20  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

21  **Defendants)**

22        93.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

23  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

24  paragraphs of this Complaint.

25        94.     During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time

26  failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other

27  CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order

28  and Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA

LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records from time to time.  Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work from time to time.  As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

95.    DEFENDANT further violates California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

96.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

///

///

///

///

///

///

CLASS ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**

**For Failure to Provide Required Rest Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

97.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

98.     PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees from time to time were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

99.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

100.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

1

2

3

4

5

**SIXTH CAUSE OF ACTION**

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

6

7

8

101.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

9

10

102.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

11

12

13

14

15

16

17

18

19

(1) gross wages earned,
(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

20

21

22

23

24

25

26

27

28

103.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of  the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis.  As such, the

CLASS ACTION COMPLAINT

1  wage statements should reflect all applicable hourly rates during the pay period and the total

2  hours worked, and the applicable pay period in which the wages were earned pursuant to

3  California Labor Code Section 226(a).  The wage statements DEFENDANT provided to

4  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members failed to identify

5  such information. More specifically, the wage statements failed to identify the accurate total

6  hours worked each pay period.  When the hours shown on the wage statements were added

7  up, they did not equal the actual total hours worked during the pay period in violation of Cal.

8  Lab. Code 226(a)(2).  Aside, from the violations listed above in this paragraph,

9  DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the

10  requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time

11  to time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

12  CLASS with wage statements which violated Cal. Lab. Code § 226.

13      104.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab.

14  Code § 226, causing injury and damages to PLAINTIFF and the other members of the

15  CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs

16  expended calculating the correct wages for all missed meal and rest breaks and the amount

17  of employment taxes which were not properly paid to state and federal tax authorities.

18  These damages are difficult to estimate.  Therefore, PLAINTIFF and the other members of

19  the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty

20  dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred

21  dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code §

22  226, in an amount according to proof at the time of trial (but in no event more than four

23  thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the

24  CALIFORNIA LABOR SUB-CLASS herein).

25  ///

26  ///

27  ///

28  ///

CLASS ACTION COMPLAINT

**SEVENTH CAUSE OF ACTION**

**For Failure to Reimburse Employees for Required Expenses**

**[Cal. Lab. Code § 2802]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

105.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

106.    Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

107.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones on behalf of and for the benefit of DEFENDANT.  Specifically, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required by DEFENDANT to use their personal cellular phones and home offices in order to perform work related job tasks.  DEFENDANT's policy and practice was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones and home offices for DEFENDANT within the course and scope of their employment for DEFENDANT.  These expenses were necessary to complete their principal job duties. DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses were necessary expenses incurred by PLAINTIFF

1  and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify

2  and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for

3  these expenses as an employer is required to do under the laws and regulations of California.

4      108.   PLAINTIFF therefore demands reimbursement for expenditures or losses

5  incurred by himself and the CALIFORNIA LABOR SUB-CLASS members in the discharge

6  of their  job duties for DEFENDANT, or their obedience to the directions of DEFENDANT,

7  with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

8
                            **EIGHTH CAUSE OF ACTION**
9
                        **For Failure to Pay Wages When Due**
10
                        **[ Cal. Lab. Code §§ 201, 202, 203]**
11
                **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**
12
                            **and Against All Defendants)**
13
14      109.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

15  CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior

16  paragraphs of this Complaint.

17      110.   Cal. Lab. Code § 200 provides, in relevant part, that:
    As used in this article:
18      (a) "Wages" includes all amounts for labor performed by employees of
        every description, whether the amount is fixed or ascertained by the
19      standard of time, task, piece, Commission basis, or other method of calculation.
        (b) "Labor" includes labor, work, or service whether rendered or
20      performed under contract, subcontract, partnership, station plan, or other
        agreement if the labor to be paid for is performed personally by the person
21      demanding payment.

22      111.   Cal. Lab. Code § 201 provides, in relevant part, "that If an employer

23  discharges an employee, the wages earned and unpaid at the time of discharge are due and

24  payable immediately."

25      112.   Cal. Lab. Code § 202 provides, in relevant part, that:

26  If an employee not having a written contract for a definite period quits his
    or her employment, his or her wages shall become due and payable not
27  later than 72 hours thereafter, unless the employee has given 72 hours
    previous notice of his or her intention to quit, in which case the employee
28  is entitled to his or her wages at the time of quitting. Notwithstanding any
    other provision of law, an employee who quits without providing a 72-

                                    41

1  hour notice shall be entitled to receive payment by mail if he or she so
2  requests and designates a mailing address. The date of the mailing shall
   constitute the date of payment for purposes of the requirement to provide
3  payment within 72 hours of the notice of quitting.

4  113.    There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR
   SUB-CLASS Members' employment contract.
5
6  114.    Cal. Lab. Code § 203 provides, in relevant part, that:

7  If an employer willfully fails to pay, without abatement or reduction, in
   accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
8  employee who is discharged or who quits, the wages of the employee shall
   continue as a penalty from the due date thereof at the same rate until paid
9  or until an action therefor is commenced; but the wages shall not continue
   for more than 30 days.

10  115.    The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-

11  CLASS Members has terminated and DEFENDANT has not tendered payment of all wages

12  owed as required by law.  Additionally, at all times during the term of PLAINTIFF's

13  employment with DEFENDANT, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

14  Members earned and accrued vested vacation and holiday time on the date of their

15  termination pursuant to DEFENDANT's uniform vacation policies and applicable California

16  law. The amount of vacation pay PLAINTIFF and the other CALIFORNIA LABOR SUB-

17  CLASS  Members earned and accumulated is evidenced by DEFENDANT's business

18  records. Additionally, DEFENDANT also underpaid accrued vested vacation wages to

19  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS MEMBERS by failing to pay

20  such wages at the regular rate of pay and more specifically the final rate of pay that included

21  all non-discretionary incentive compensation.  Rather than pay vacation wages at the regular

22  rate of pay, DEFENDANT underpaid vacation wages to PLAINTIFF and other

23  CALIFORNIA LABOR SUB-CLASS Members at their base rates of pay, instead of

24  including all of PLAINTIFF's and CALIFORNIA LABOR SUB-CLASS Members' non-

25  discretionary incentive compensation into the vacation wage payment calculations.

26  DEFENDANT failed to specify in DEFENDANT's written vacation policy the rate at which

27  PLAINTIFF and other CALIFORNIA LABOR CLASS Members would be paid vacation

28  upon leaving employment with DEFENDANT. As a result of DEFENDANT's unlawful

practice, policy and procedure to deny paying the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS all of their vested vacation and holiday time, DEFENDANT failed to pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS all vested vacation time as wages due upon employment termination, in violation of the California Labor Code, Sections 201, 202, 203 and 227.3. Similarly, DEFENDANT underpaid waiting time penalties to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members at their base rates of pay, instead of including all of PLAINTIFF's' and CALIFORNIA LABOR SUB-CLASS Members' non-discretionary compensation into the waiting time penalty calculations. This failure by DEFENDANT is believed to be the result of DEFENDANT's unlawful, unfair and deceptive refusal to provide compensation for earned, accrued and vested vacation and holiday time, as well as the corresponding waiting time penalties that were paid. DEFENDANT perpetrated this unlawful, unfair and deceptive practice to the detriment of the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS . DEFENDANT's uniform practice and policy of failing to pay the LABOR SUB-CLASS Members for all vested vacation and holiday time accumulated at employment termination violated and continues to violate Section 227.3 of the California Labor Code.

116.    Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

///

///

///

///

43

**NINTH CAUSE OF ACTION**

**For Failure to Pay Sick Pay Wages**

**[ Cal. Lab. Code §§ 201-203, 210, 233, 246]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

117.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

118.    Cal Lab. Code § 233 provides that an employer must permit an employee to use accrued sick leave in accordance with Cal Lab. Code § 246.5 at the employee's then current rate of entitlement.  Cal Lab. Code § 246 provides that an employee is entitled to sick pay wages for use of accrued sick leave pursuant to Cal Lab. Code § 246.5.  Specifically, once accrued sick leave is used as paid sick time, an employee has a vested right to sick pay wages, which an employer must calculate and compensate based on one of two calculations: (i) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek," or (ii) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Under Cal Lab. Code §§ 218 and 233, employees may sue to recover underpaid sick pay wages as damages.

119.    As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS at the incorrect rate of pay.  PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS regularly use accrued sick leave in the workweeks in which they also earn non-hourly remuneration.  As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS at the base hourly pay, as opposed to the regular rate of pay, which would consider all non-

44

1  hourly remuneration in addition to base hourly wages, or the rate resulting from dividing the
2  employee's total wages, not including overtime premium pay, by the employee's total hours
3  worked in the full pay periods of the prior 90 days of employment.  As a result,
4  DEFENDANT underpaid sick pay wages to PLAINTIFF and the other members of the
5  CALIFORNIA LABOR-SUB-CLASS.

6      120.   Code § 246 specifically requires that, upon use of accrued sick leave, vested
7  sick pay wages are due and to be paid no later than the payday for the next regular payroll
8  period after accrued sick leave is used as paid sick time.  Similarly, Cal. Lab. Code § 201
9  provides that if an employer discharges an employee, wages earned and unpaid at the time
10 of discharge are due and payable immediately. Cal. Lab. Code § 202 provides that an
11 employee is entitled to receive all unpaid wages no later than 72 hours after an employee
12 quits his or her employment, unless the employee has given 72-hour notice of his or her
13 intention to quit, in which case the employee is entitled to his or her wages at the time of
14 quitting.  The Labor Code penalizes untimely payments.  For example, Cal. Lab. Code § 203
15 provides that if an employer willfully fails to pay wages owed in accordance with Cal. Lab.
16 Code §§ 201-202, then the wages of the employee shall continue as a penalty from the due
17 date, and at the same rate until paid, but the wages shall not continue for more than thirty
18 (30) days. Likewise, Cal. Lab. Code § 210 provides penalties for untimely payments during
19 employment.  Under Cal. Lab. Code §§ 203, 210 and 218, employees may sue to recover
20 applicable penalties.

21     121.   As alleged herein and as a matter of policy and practice, DEFENDANT
22 routinely underpays sick pay wages and thus did not timely pay PLAINTIFF and the other
23 members of the CALIFORNIA LABOR-SUB-CLASS all owing and underpaid sick pay
24 wages.  As a result, DEFENDANT violates Cal. Lab. Code §§ 201-203, 210, 233, and 246,
25 among other Labor Code provisions.  PLAINTIFF is informed and believes that
26 DEFENDANT was advised by skilled lawyers and knew, or should have known, of the
27 mandates of the Labor Code as it relates to PLAINTIFF's allegations, especially since the
28 California Supreme Court has explained that "[c]ourts have recoginzed that 'wages' also

45

include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, *and sick pay*." *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103 (2007)(emphasis added). Because DEFENDANT willfully fails to timely pay PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS all sick pay wages due, DEFENDANT is subject to applicable penalties.

122.    Such a pattern, practice, and uniform administration of corporate policy is unlawful and entitles PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS to underpaid sick pay wages, including interest thereon, applicable penalties, attorney's fees, and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.  On behalf of the CALIFORNIA CLASS:

    A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)   An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)   An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

    D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.  On behalf of the CALIFORNIA LABOR SUB-CLASS:

A) That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B) Compensatory damages, according to proof at trial, including compensatory damages for minimum and overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C) The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

D) Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

E) For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197;

F) The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.; and,

G) The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3. On all claims:

A) An award of interest, including prejudgment interest at the legal rate;

B) Such other and further relief as the Court deems just and equitable; and,

1    C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the

2          law, including, but not limited to, pursuant to Labor Code §221, §226, §1194,

3          and/or §2802.

4    Dated: September 25, 2023          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6

7                                    By:    /s/ Nicholas De Blouw

8                                           Norman B. Blumenthal
                                            Nicholas J. De Blouw

9                                           *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1

## **DEMAND FOR A JURY TRIAL**

2          PLAINTIFF demands a jury trial on issues triable to a jury.

3

4   Dated: September 25, 2023          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6                                By:   /s/ Nicholas De Blouw
                                       _____
7                                      Norman B. Blumenthal
                                       Nicholas J. De Blouw
8
                                       *Attorneys for Plaintiff*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE SPORTS BASEMENT, INC., a corporation; and DOES 1 through
50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
COLDEN KIMBER, an individual, on behalf of himself and on behalf of
all persons similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
Central
400 McAllister St., San Francisco, CA 94102-4514

CASE NUMBER:
*(Número del Caso):*
**CGC-23-609276**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal     (Bar # 68687)
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara, La Jolla, CA 92037

Fax No.: (858) 551-1232
Phone No.: (858) 551-1223

DATE:  **09/25/2023**
*(Fecha)*

Clerk, by **DAEJA ROGERS** , Deputy
*(Secretario)* _____ *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Exhibit B

RICARDO EHMANN,  (SBN 320117)
BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP
2255 CALLE CLARA
LA JOLLA, CA  92037
858-551-1223
Attorney for: COLDEN KIMBER, ETC.
Atty. File No.: CA3005    (CLASS)

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**11/28/2023**
**Clerk of the Court**
**BY: RONNIE OTERO**
**Deputy Clerk**

SUPERIOR COURT OF CA., COUNTY OF SAN FRANCISCO
SAN FRANCISCO

PLAINTIFF    : COLDEN KIMBER, ETC.
DEFENDANT   : THE SPORTS BASEMENT, INC., ETC.

Case No. CGC-23-609276
**PROOF OF SERVICE OF SUMMONS**

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of the  SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE TO
PLAINTIFF; ORDER DENYING COMPLEX DESIGNATION FOR FAILURE
TO FILE APPLICATION REQUESTING DESIGNATION; ALTERNATIVE DISPUTE
RESOLUTION INFORMATION PACKAGE

3.    a.  Party Served    :  THE SPORTS BASEMENT, INC., A CORPORATION
                              C/O ERIC PROSNITZ
      b.  Person served   :  SHELLY BERNIKER, STORE MANAGER
                              (W/F/LATE 50S/5FT8/150LB)

4.    Address where the party was served:  610 OLD MASON STREET
                              SAN FRANCISCO, CA  94129   (Business)

5.    I served the party
      b.  **by substituted service.**   On November  22,  2023 at  03:00 PM  I left the documents listed in item 2
      with or in the presence of  SHELLY BERNIKER, STORE MANAGER
                              (W/F/LATE 50S/5FT8/150LB)
      (1)  **(business)**  a person at least 18 years of age apparently in charge at the office or usual place of business
           of the person to be served.  I informed him or her of the general nature of the papers.
      (4)  a **declaration of mailing** is attached.
      (5)  I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

6.    The "Notice to the person served" (on the summons) was completed as follows:
      c.  on behalf of: THE SPORTS BASEMENT, INC., A CORPORATION
                              C/O ERIC PROSNITZ
           under  [xx]  CCP 416.10   (corporation)

7.    **Person who served papers**
      a.  JAVIER BARAONA
      b.  KNOX ATTORNEY SERVICE
           1550 HOTEL CIRCLE NORTH SUITE 440
           SAN DIEGO, CA 92108
      c.  619-233-9700

      d.   Fee For Service : $ 78.35
      e.   I am
           (3)  a registered California process server
                (i)   an independent contractor
                (ii)  Registration No.: 118
                (iii) County: MARIN

8.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date :  November  28,  2023

Signature:    *JBaraona*

JAVIER BARAONA

Jud. Coun. form, rule 2.150 CRC
JC Form POS 010 (Rev. January 1, 2007)

**PROOF OF SERVICE**

Ref. No. : 1650502-01

RICARDO EHMANN,  (SBN 320117)
BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP
2255 CALLE CLARA
LA JOLLA, CA  92037
858-551-1223
Attorney for: COLDEN KIMBER, ETC.
Atty. File No.: CA3005   (CLASS)

SUPERIOR COURT OF CA., COUNTY OF SAN FRANCISCO
SAN FRANCISCO

PLAINTIFF        : COLDEN KIMBER, ETC.
DEFENDANT     : THE SPORTS BASEMENT, INC., ETC.

Case No. CGC-23-609276
**DECLARATION REGARDING
DILIGENCE**

I received the within process on   11/20/23:

SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE TO
PLAINTIFF; ORDER DENYING COMPLEX DESIGNATION FOR FAILURE
TO FILE APPLICATION REQUESTING DESIGNATION; ALTERNATIVE DISPUTE
RESOLUTION INFORMATION PACKAGE

After due and diligent effort I have been unable to effect personal service on the within named party at the following
address(es):

Party Served     :  THE SPORTS BASEMENT, INC., A CORPORATION
                    C/O ERIC PROSNITZ

Business         :  610 OLD MASON STREET
                    SAN FRANCISCO, CA  94129

Attempts to effect service are as follows:

| | | |
|---|---|---|
| 11/21/23 | 02:00P | Attempted service at business; agent not in, won't be in office until after the holiday. |
| 11/22/23 | 03:00P | Attempted service-effected substitute service |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date :  November 28, 2023                 Signature: _____

                                                        *JBaraona*

                                                        JAVIER BARAONA

Jud. Coun. form, rule 2.150 CRC                 **DECLARATION RE DILIGENCE**          Ref. No. : 1650502-01

RICARDO EHMANN,  (SBN 320117)
BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP
2255 CALLE CLARA
LA JOLLA,  CA  92037
858-551-1223
Attorney for:  COLDEN KIMBER, ETC.
Atty. File No.: CA3005   (CLASS)

SUPERIOR COURT OF CA., COUNTY OF SAN FRANCISCO
SAN FRANCISCO JUDICIAL DISTRICT

| | | |
|---|---|---|
| PLAINTIFF | : COLDEN KIMBER, ETC. | Case No. :  : CGC-23-609276 |
| DEFENDANT | : THE SPORTS BASEMENT, INC., ETC. | **DECLARATION OF MAILING** |

RE:    THE SPORTS BASEMENT, INC., A CORPORATION
       C/O ERIC PROSNITZ

I am a citizen of the United States and am employed in the County of SAN DIEGO,  State of California.  I am over the age of eighteen years and not a party to this action.   My business address is
**1550 HOTEL CIRCLE NORTH SUITE 440,  SAN DIEGO, CA 92108.**

On  November  27,  2023   I mailed the within documents:

> SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE TO
> PLAINTIFF; ORDER DENYING COMPLEX DESIGNATION FOR FAILURE
> TO FILE APPLICATION REQUESTING DESIGNATION; ALTERNATIVE DISPUTE
> RESOLUTION INFORMATION PACKAGE

On the party in said action, by mailing a true copy thereof (by First-class mail,  postage prepaid), enclosed in a sealed envelope at the mail collection site at my place of employment, addressed to the following:

> THE SPORTS BASEMENT, INC., A CORPORATION
> C/O ERIC PROSNITZ
> 610 OLD MASON STREET SAN FRANCISCO, CA  94129   (Business)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on   November  28,  2023        at  SAN DIEGO,  California.

Signature: _____
LUCA HOXENG

**DECLARATION OF MAILING**

Ref. No. : 1650502-01

Exhibit C

Shannon B. Nakabayashi (State Bar No. 215469)
Gonzalo Morales (State Bar No. 334944)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
E-mail:  Shannon.Nakabayashi@jacksonlewis.com
E-mail:  Gonzalo.Morales@jacksonlewis.com

Attorneys for Defendant
THE SPORTS BASEMENT, INC.

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**12/20/2023**
**Clerk of the Court**
BY: MARK UDAN
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| COLDEN KIMBER, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE SPORTS BASEMENT, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CGC-23-609276<br><br>**DEFENDANT THE SPORTS BASEMENT, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed:    09/25/2023<br>Trial Date:             TBD |

Defendant THE SPORTS BASEMENT, INC. ("Defendant"), by and through their undersigned counsel, hereby submit the following answer and defenses to the allegations made against them contained in the unverified Complaint filed by Plaintiff COLDEN KIMBER ("Plaintiff").

## **GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation of the unverified Complaint. Defendant further specifically denies that it is in any way liable to Plaintiff or any allegedly aggrieved employee he purports to represent, that this case can be brought as a class or representative action, and that Plaintiff

1

1    and/or any allegedly aggrieved employee is entitled to any damages, penalties, or any other

2    relief.

3                 **<u>SEPARATE AFFIRMATIVE DEFENSES</u>**

4        Defendant hereby states the following defenses to the Complaint but does not assume the

5    burden of proof on any such defense except as required by applicable law.  Defendant reserves

6    the right to assert additional defenses or otherwise supplement these defenses upon discovery of

7    facts or evidence rendering such action appropriate.

8                 **<u>FIRST AFFIRMATIVE DEFENSE</u>**

9                   **(No Irreparable Harm)**

10      1.      Plaintiff's claims for declaratory or other equitable relief, are barred in the light of

11    the fact that neither Plaintiff nor the putative class members he purports to represent have

12    suffered nor will not suffer irreparable harm due to any alleged conduct by Defendant.

13               **<u>SECOND AFFIRMATIVE DEFENSE</u>**

14                 **(Payment of Wages)**

15      2.      Plaintiff and the putative class members he purports to represent received proper

16    payment for all hours worked in compliance with applicable state and federal laws.

17                **<u>THIRD AFFIRMATIVE DEFENSE</u>**

18             **(No Cognizable Injury or Damages)**

19      3.      The Sixth Cause of Action is barred in whole or in part because, even assuming

20    *arguendo* Plaintiff or the putative class members he purports to represent were not provided with

21    a proper itemized statement of wages and deductions, they are not entitled to recover damages

22    because they suffered no injury based on Defendant's alleged failure to provide itemized wage

23    statements.

24               **<u>FOURTH AFFIRMATIVE DEFENSE</u>**

25             **(No Knowing and Intentional Failure)**

26      4.      The Sixth Cause of Action is barred in whole or in part because, even assuming

27    *arguendo* Plaintiff or the putative class members he purports to represent were not provided with

28    a proper itemized statement of wages and deductions, a recovery of damages or penalties is not

permitted because Defendant's alleged failure to comply with California Labor Code Section 226(a) was not a "knowing and intentional failure" under California Labor Code Section 226(e).

**FIFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

5.      The Complaint, and each and every cause of action alleged therein is barred in whole or in part by the applicable statutes of limitations, including but not limited to Cal. Civ. Proc. Code §§ 338, 340(a), Cal. Lab. Code §§ 203(b), 210, and Cal. Bus. & Prof. Code § 17208.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Willful Violation / Good Faith Dispute)**

6.      To the extent Plaintiff seeks penalties for any alleged willful failure to comply with the requirements of the California Labor Code, including Labor Code section 203, such penalties are barred because Defendant did not willfully violate any provision of the California Labor Code, and good faith disputes exist concerning any alleged violations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Accord, Satisfaction and Payment)**

7.      Some or all of Plaintiff's claims and the claims of the putative class members he purports to represent are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver and Release)**

8.      Some or all of Plaintiff's claims and the claims of the putative class members he purports to represent are barred, in whole or in part, to the extent such claims have been waived, discharged, and/or abandoned.

**NINTH AFFIRMATIVE DEFENSE**

**(Setoff and Recoupment)**

9.      Defendant denies that it acted unlawfully or improperly toward Plaintiff and the putative class members he purports to represent.  However, with regard to any potential award of damages to Plaintiff and any putative class member, Defendant is entitled under the equitable

doctrine of setoff and recoupment to offset all overpayments to and obligations of Plaintiff and/or any putative class member owed to Defendant against any judgment that may be entered against Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Voluntary Waiver of Meal and Rest Periods)

10.    Plaintiff's Fourth and Fifth Causes of Action for failure to provide meal and rest periods are barred in whole or in part to the extent Defendant provided meal and rest periods in compliance with California law, and Plaintiff and the putative class members he purports to represent voluntarily waived meal and rest breaks as allowed by the relevant provisions of the Labor Code and  IWC Wage Orders.  *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1053.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Jury Trial for Unfair Competition Claim)

11.    Defendant asserts that to the extent Plaintiff seeks equitable relief under the First Cause of Action under California Business and Professions Code section 17200, *et seq.*, he is not entitled to a jury trial, and instead must adjudicate his claims by way of a bench trial.  *See Hodge v. Superior Court,* (2006) 145 Cal. App. 4th 278.

## TWELFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

12.    Plaintiff and the putative class members he purports to represent is not entitled to a recovery of equitable relief, including any relief requested pursuant to California Business & Professions Code section 17200 *et seq.* because of the existence of an adequate remedy at law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

13.    To the extent Plaintiff seeks to recover liquidated damages or any penalties that are disproportionate to the actual harm suffered, if any, such an award under the circumstances of this case would constitute and excessive fine and would otherwise be in violation of Defendant's due process and other rights under the United States Constitution.

1

**FOURTEENTH AFFIRMATIVE DEFENSE**

2

**(No Unreimbursed Business Expenses)**

3    14.    Plaintiff's Seventh Cause of Action is barred because Defendant complied with

4  California law as it relates to business expenses under Cal. Lab. Code §§ 2800, 2802 and

5  reimbursed Plaintiff and any alleged putative class member (the existence of which is expressly

6  denied) for all business expenses for which they requested reimbursement.

7

**FIFTEENTH AFFIRMATIVE DEFENSE**

8

**(Federal Enclave Doctrine)**

9    15.    Plaintiff's claims are invalid in whole or in part as they are barred by federalized

10  California law as it existed at the time California ceded the Presidio of San Francisco to the

11  United States of America.

12

**RESERVATION OF RIGHTS**

13    Defendant has not completed its investigation of the facts of this case, has not completed

14  discovery in this matter, and has not completed its preparation for trial.  The defenses asserted

15  herein are based on Defendant's knowledge, information, and belief at this time, and Defendant

16  specifically reserves the right to modify, amend, or supplement any defense contained herein at

17  any time.

18

**DEFENDANT'S REQUEST FOR RELIEF**

19    Wherefore, Defendant prays for judgment that:

20    1.    That Plaintiff takes nothing by way of the Complaint;

21    2.    That the Complaint be dismissed with prejudice and judgment entered in favor of

22  Defendant and against Plaintiff on all claims;

23    3.    That Defendant be awarded its costs of suit incurred herein;

24    4.    That Defendant be awarded attorney's fees pursuant to statute and/or contract;

25  and

26  ///

27  ///

28  ///

1      5.      That the Court award Defendant such other and further relief as it deems just and

2  proper.

3

4  Dated:  December 20, 2023          JACKSON LEWIS P.C.

5

6                             By: _____

7                                Shannon B. Nakabayashi
                                Gonzalo Morales

8                                Attorneys for Defendant
                                THE SPORTS BASEMENT, INC.

9  4886-9107-6995

**PROOF OF SERVICE [CCP § 1013(g) and CRC Rule 2.253]**

I, Fatimah Sikin, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I am over the age of eighteen (18) years and am not a party to this action.

On December 20, 2023, I caused to be e-served the attached **DEFENDANT THE SPORTS BASEMENT, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** in this action by uploading a true and correct copy thereof, in PDF format, for electronic filing and service by File & ServeXpress by Mozato™ (a court-approved Electronic Filing Service Provider), pursuant to Local Rule 2.11. Said document to be filed with the Court and e-served on Plaintiff's counsel of record, whose contact information is as follows:

| | |
|---|---|
| Norman B. Blumenthal<br>Kyle R. Nordrehaug<br>Aparajit Bhowmik<br>Nicholas J. De Blouw<br>Blumenthal Nordrehaug Bhowmik De Blouw LLP<br>2255 Calle Clara<br>La Jolla, CA  92037<br>Tel:  (858) 551-1223<br>Fax:  (858) 551-1232<br>Email:  norm@bamlawca.com<br>Email:  kyle@bamlawca.com<br>Email:  aj@bamlawlj.com<br>Email:  DeBlouw@bamlawca.com | Attorneys for Plaintiff<br><br>Colden Kimber |

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on December 20, 2023, at San Francisco, California.

_____
Fatimah Sikin

Exhibit D

1  SHANNON L. BETTIS NAKABAYASHI (SBN 215469)
      *shannon.nakabayashi@jacksonlewis.com*
2  JACKSON LEWIS PC
   50 California St., 9th Floor
3  San Francisco, California 94111
   Telephone: (415) 394-9400
4  Facsimile:    (415) 394-9401

5  LOUISE ANN "LUZANN" FERNANDEZ (SBN 86263)
      *lfernandez@bzbm.com*
6  PATRICK M. RYAN (SBN 203215)
      *pryan@bzbm.com*
7  AN NGUYEN RUDA (SBN 215453)
      *aruda@bzbm.com*
8  CHAD E. DEVEAUX (SBN 215482)
      *cdeveaux@bzbm.com*
9  P. CASEY MATHEWS (SBN 311838)
      *cmathews@bzbm.com*
10 JOSIAH R. JENKINS (SBN 332418)
      *jjenkins@bzbm.com*
11 TAYLOR YAMAHATA (SBN 347192)
      *tyamahata@bzbm.com*
12 BARTKO ZANKEL BUNZEL & MILLER
   A Professional Law Corporation
13 One Embarcadero Center, Suite 800
   San Francisco, California 94111
14 Telephone: (415) 956-1900
   Facsimile: (415) 956-1152

15 Attorneys for THE SPORTS BASEMENT, INC.

16                SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                         COUNTY OF SAN FRANCISCO

18

19
   COLDEN KIMBER, an individual, on behalf      Case No. CSG-23-609276
20 of himself and on behalf of all persons
   similarly situated,                          **NOTICE OF FILING OF NOTICE OF
21                                              REMOVAL**
               Plaintiff,
22                                              Action Filed:      September 25, 2023
           v.                                   Trial Date:        None Set
23
   THE SPORTS BASEMENT, INC., a
24 corporation; and DOES 1 through 50,
   inclusive,
25
               Defendants.
26

27

28

   3104.000/1942981.1

1    PLEASE TAKE NOTICE that on December 21, 2023, Defendant The Sports Basement,

2  Inc. ("Defendant"), in the above-captioned matter filed a Notice of Removal in the United States

3  District Court for the Northern District of California, removing this action from the Superior Court

4  of the State of California in and for the County of San Francisco, to the United States District

5  Court for the Northern District of California. Attached hereto as Exhibit A is a copy of

6  Defendant's Notice of Removal.

7  DATED:  December 21, 2023                        Respectfully submitted,

8                                        BARTKO ZANKEL BUNZEL & MILLER
                                            A Professional Law Corporation
9

10                            By:  _____
                                         PATRICK M. RYAN
11                                Attorneys for Defendant THE SPORTS
                                           BASEMENT, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28