UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLDEN KIMBER, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE SPORTS BASEMENT, INC.,<br><br>        Defendant. | Case No. 23-cv-06584-TLT<br><br>**ORDER REMANDING ACTION TO STATE COURT: SAN FRANCISCO COUNTY SUPERIOR COURT DOCKET CGC-23-609276**<br><br>Re: Dkt. No. 57 |

After the consolidation of cases, Colden Kimber, Christine R. Thiebaut, and Ronald Lane ("Plaintiffs"), on behalf of themselves and all other similarly situated current and former employees, filed their first amended class action complaint against Defendant The Sports Basement, Inc. ("Defendant"). ECF 56, First Amended Complaint ("FAC"). Plaintiffs assert ten state-based causes of action stemming from alleged labor violations while Plaintiffs were employed as non-exempt employees by Defendant. *Id. ¶¶* 48–127.

Plaintiffs' class encompasses all individuals who are or were previously employed by Defendant in California, classified as non-exempt employees, including any employees staffed with Defendant by a third party (the "California Class) at any time during the period beginning September 25, 2019, and ending on the date as determined by the Court. *Id. ¶* 6. This class excludes all current or former employees in the Defendant's Presidio location. *Id.*

Before the Court is Defendant's motion for judgment on the pleadings which argues that Plaintiffs' state-based claims are barred under the federal enclave doctrine. ECF 57, Motion for Judgment on the Pleadings ("MJOP"). The Court need not address Defendant's motion as it finds this action suitable for remand. The Court declines to exercise supplemental jurisdiction over the remaining state claims and hereby **REMANDS** this state-based action for lack of subject matter jurisdiction.

## I. BACKGROUND

### A. Procedural Background

On September 25, 2023, Colden Kimber filed a complaint in the San Francisco County Superior Court, entitled *Colden Kimber, Plaintiff, v. The Sports Basement, Inc. and Does 1 through 50*, as case CGC-23-609276. ECF 1. Defendant Sports Basement answered the complaint and subsequently removed the case to this District. *Id.* After conferences between the parties, the parties determined the Court had federal question jurisdiction under the federal enclave doctrine as the claims included allegations asserted on behalf of employees in Defendant's Presidio location. ECF 37 (order denying amendment for the express purpose of destroying jurisdiction), 54 (stipulation to amend complaint).

The Court related and consolidated 24-cv-02116-VC *Fong v. The Sports Basement, Inc.* with the instant case. ECF 38. Thereafter, Colden Kimber, Christine R. Thiebaut, and Ronald Lane filed their FAC on September 13, 2024. ECF 56. The FAC invokes various provisions of California's Labor Code as well as other laws creating derivative causes of action based on the same Labor Code provisions. *See id.* ¶¶ 48–127. The alleged claims stem from Plaintiffs' prior employment with Defendant: (1) Unlawful Competition; (2) Failure to Pay Minimum Wages; (3) Failure to Pay Overtime Wages; (4) Failure to Provide Required Meal Periods; (5) Failure to Provide Required Rest Periods; (6) Failure to Provide Accurate Itemized Statements; (7) Failure to Reimburse Employees for Required Expenses; (8) Failure to Pay Wages When Due; (9) Failure to Pay Sick Pay Wages; and (10) violation of the Private Attorneys General Act ("PAGA"). *Id.*

Notably, Plaintiffs' FAC dropped all allegations regarding any work performed by employees at Defendant's Presidio location. *Id.* Thus, this Court now asserts supplemental jurisdiction, rather than federal question jurisdiction, over Plaintiffs' state-based claims.

On October 10, 2024, Defendant filed a motion for judgment on the pleadings seeking to dismiss all claims asserted. MJOP. Plaintiffs filed an opposition to the motion and Defendant filed a reply in support of the motion. ECF 63 ("Opp'n"), 64 ("Reply"). Defendant subsequently filed a proposed order. ECF 66. The Court heard oral argument on January 14, 2025. ECF 71.

**B.      Factual Background**

Defendant Sports Basement is a corporation specializing in the sale of "outdoor gear and apparel." FAC ¶¶ 1–2. Parties do not dispute that Defendant's corporate headquarters and principal place of business is located in the Presidio of San Francisco, located within the State of California at 610 Old Mason Street, San Francisco, CA, 94129. ECF 1, 13. The Court previously found that Defendant's headquarters in the Presidio is within a federal enclave. ECF 42, at 1 ("The defendant's headquarters is clearly within a federal enclave.").

Plaintiffs are former non-exempt employees of Defendant. FAC ¶¶ 3–5. Colden Kimber was employed by Defendant in California from October 25, 2021 to June 20, 2023. *Id.* ¶ 3. Christine R. Thiebaut was employed by Defendant in California from April 6, 2022 to June 23, 2023. *Id.* ¶ 4. Ronald Lane was employed by Defendant in California from June 2014 to February 2023. *Id.* ¶ 5. Plaintiffs allege they were subjected to numerous labor code violations including failure to pay minimum wages, failure to pay overtime wages, failure to provide required meal periods, failure to provide required rest periods, failure to provide accurate itemized statements, failure to reimburse employees for required expenses, failure to pay wages when due, and failure to pay sick pay wages. *Id.* ¶¶ 17–26.

Plaintiffs bring their class action complaint on behalf of themselves and all individuals who are or were previously employed by Defendant in California, excluding Defendant's Presidio location. *Id.* ¶ 6. The class includes any employees staffed with Defendant by a third party and classified as non-exempt employees at any time during the period beginning September 25, 2019, and ending on the date as determined by the Court. *Id.* In their amended complaint, Plaintiffs excluded employees employed in Defendant's Presidio location. *Id.* Plaintiffs now assert claims only for work performed outside of the federal enclave. *Id.*

Defendant moved for judgment on the pleadings, asserting that despite Plaintiffs' amendment, Plaintiffs' claims on behalf of Sports Basement's non-Presidio employees are still barred due to California's choice-of-law rules and the U.S. Constitution's Supremacy Clause. MJOP. Defendant argues choice of law requires the application of the Presidio's law—which

3

1  does not include any of the statutes invoked by the FAC. *Id.* at 5. Defendant contends this unique

2  disposition is because its headquarters is located in the federal enclave. *Id.* at 5–6.

## II.  LEGAL STANDARD

### A.  Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c)

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pleadings are deemed closed for purposes of a Rule 12(c) motion when an answer has been filed and no counterclaim or cross claim has been made. *Doe v. United States*, 419 F.3d 1058, 1061–1062 (9th Cir. 2005). In evaluating a Rule 12(c) motion, the "analysis is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012); *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) ("Rule 12(c) motion is 'functionally identical' to a Rule 12(b)(6) motion"). This includes the *Iqbal/Twombly* requirement that to survive a judgment on the pleadings, the plaintiff must allege a claim for relief that is "plausible on its face." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012).

In evaluating a motion for judgment on the pleadings, the non-moving party's allegations are accepted as true, "while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citing *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984)). Just like under Rule 12(b)(6), under Rule 12(c) a court may consider materials subject to judicial notice in addition to considering the allegations of the complaint. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, this court may consider facts that 'are contained in materials of which the court may take judicial notice.'") (quoting *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)).

### B.  Removal Jurisdiction

28 U.S.C. § 1441(a) permits a state court action to be removed to federal court only when the federal court has original jurisdiction. If there is no jurisdiction at any stage of the proceedings, then the case shall be remanded. 28 U.S.C. § 1447(c); *Caterpillar Inc. v. Lewis*, 519

1  U.S. 61, 68 (1996). Fed. R. Civ. P. 12(h)(3) further provides that "if the court determines at any
2  time that it lacks subject-matter jurisdiction, the court must dismiss the action." There is a "strong
3  presumption against removal jurisdiction" and any ambiguity will be construed in favor of
4  dismissal or remand. *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009) (citing
5  *Gaus v. Miles, Inc.*, 980 F.2d. 564, 566 (9th Cir. 1992)). Because of this presumption, disputed
6  facts are resolved in favor of the non-removing party. *Segura v. Allstate Ins. Co.*, No. 13-cv-
7  05594-YGR, 2014 WL 3945657, at *4 (N.D. Cal. Aug. 11, 2014).

**III.    DISCUSSION**

    **A.    The Court Need Not Apply the California Choice of Law Test, as it Finds this Action Suitable for Remand.**

Defendant contends that the Court must apply choice of law principles because the case at issue invokes the interests of both California and the Presidio. In opposition, Plaintiffs largely do not engage with Defendant's choice of law argument and contend that Presidio law does not preempt California law. *See generally* Opp'n. The Court will first address whether the Presidio is its own distinct forum and whether the California choice of law test is applicable. Before applying the choice of law test, the Court will determine whether this action is suitable for remand given the amendments to Plaintiffs' initial complaint. *Compare* ECF 1 *with* FAC. After review, the Court finds that this action is suitable for remand and thus, it need not apply the California choice of law test.

    **1.    The Presidio is a Distinct Forum Whose Law is Comprised of Federal Statutes and Federalized State Law.**

The Supreme Court previously held that "[b]y Act of March 2, 1897," California's Legislature "ceded to the United States exclusive jurisdiction over the Presidio" putting it "beyond the field of operation of her laws." *Standard Oil Co. v. Cal.*, 291 U.S. 242, 244 (1934) (citing Stats. 1897, ch. 56 § 1, p. 51). Thus, the Supreme Court has conclusively held that the Presidio is a federal enclave. Adhering to this precedent, the Court found that Sports Basement's Presidio "headquarters is clearly within a federal enclave." ECF 42, at 1.

The Constitution's Federal Enclave Clause empowers the United States "to acquire land from the states" and "to exercise exclusive jurisdiction over such lands, which are known as federal enclaves." *Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1034 (N.D. Cal. 2005) (citing U.S. Const. art. I, § 8, cl. 17). "[Federal] jurisdiction" over disputes governed by enclave law is "the sole jurisdiction." *Surplus Trading Co. v. Cook*, 281 U.S. 647, 657 (1930). A federal enclave is "to [the surrounding state] as the territory of one of her sister states or a foreign land." *United States v. State Tax Comm'n of Miss.*, 412 U.S. 363, 378 (1973).

Enclave status extinguishes state regulatory authority over suits governed by enclave law. *James Stewart & Co. v. Sadrakula*, 309 U.S. 94, 99 (1940). However, "[t]he Constitution does not command that every vestige of the laws of the [state] must vanish." *Id.* To ensure "that no area will be left without a developed legal system," state laws "existing at the time of the [state's] surrender of sovereignty" continue in force until "abrogated" by Congress. *Id.* at 99–100. This principle is derived from a rule of international law dictating that "whenever political jurisdiction and legislative power over any territory are transferred from one . . . sovereign to another," laws governing "the protection of private rights continue in force until . . . by direct action of the new government, they are altered or repealed." *Am. Ins. Co. v. Canter*, 26 U.S. (1 Pet.) 511, 544 (1828) (Marshall, C.J.) (holding Spanish law governed suit in newly acquired Florida territory).

Nearly three decades later, the Supreme Court held that this same rule applies to federal enclaves. *Chicago, Rock Island & Pac. Ry. Co. v. McGlinn*, 114 U.S. 542 (1885). In *McGlinn*, the Supreme Court awarded $25 in damages under a pre-cession Kansas law to a farmer whose cow was struck by a train on the Fort Leavenworth Military Reservation. *Id.* at 546–47. The Court held that this law remained "in force until, by direct action of the new government," it is "altered or repealed." *Id.* Likewise, "[state] Labor Law" in effect when an enclave is created "continues as a part of the laws of the federal territory." *James Stewart & Co.*, 309 U.S. at 99.

Despite its origin, this assimilated "state law" is distinctly federal in character. "Upon the transfer from a State to the United States of exclusive jurisdiction . . . the state laws in effect at the time continue in force as federal laws." *Id.* at 96 (emphasis added). They "lose their character as law of the state and become laws of the Union." *Lake v. Ohana Military Communities, LLC*, 14

6

1  F.4th 993, 1002 (9th Cir. 2021). This "federalization of then-existing state law rules upon the

2  creation of a federal enclave rests on the premise that, precisely because Congress has excluded all

3  exercise of state jurisdiction, the only laws that can apply are federal . . . ." *Id.* at 1002–03.

4  However, "only the [state] law in effect at the time of transfer of jurisdiction continues in force."

5  *James Stewart & Co.*, 309 U.S. at 99–100. Post-cession changes in state law "are not a part of the

6  body of laws" because "[c]ongressional action is necessary" to make new enclave law. *Id.* at 99.

### 2. The California Choice of Law Test Applies.

The Court has determined that the Presidio, as a federal enclave, has its own distinct forum comprised of federal law and federalized state laws. Defendant raises the issue of choice of law in its motion. *See* MJOP at 5–6.

It is settled that "a federal court exercising supplemental jurisdiction . . . is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000). *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) commands that a "district court must apply the choice-of-law rules of the state in which it sits." *Abogados v. AT&T, Inc.*, 223 F.3d 932, 934 (9th Cir. 2000) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Accordingly, if this Court retains supplemental jurisdiction, it will apply the California choice of law test.

### 3. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiffs' Claims as the *Millar* Factors Weigh in Favor of Remand.

The Court will first determine whether this action is suitable for remand before it applies the choice of law test. "Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal quotation marks omitted)). For federal subject matter jurisdiction to exist, a case must either involve diversity of citizenship between the parties or a claim arising under federal law. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002); 28 U.S.C. §§ 1331–32. Courts have a duty to consider its subject matter jurisdiction *sua sponte*. Fed. R. Civ. P. 12(h)(3); *see Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). After removal, if

1  the federal court finds at any stage of the proceeding that it does not have jurisdiction, then the

2  case shall be remanded. 28 U.S.C. § 1447(c); *Caterpillar*, 519 U.S. at 68.

3        Here, upon removal, this Court retained federal question jurisdiction pursuant to federal

4  enclave jurisdiction. 28 U.S.C. § 1331. This is because claims brought on behalf of workers

5  whose "place of employment . . . rests on a federal enclave" are governed exclusively by the

6  "federal law" that "govern federal enclaves"—i.e., the "preexisting state [labor] law" in effect

7  when the enclave was established. *Snow v. Bechtel Const. Inc.*, 647 F. Supp. 1514, 1515–16 (C.D.

8  Cal. 1986). Because such law is distinctly federal in character, "[r]ights arising under such

9  assimilated law, arise under federal law and are properly the subject of federal [question]

10 jurisdiction." *Macomber v. Bose*, 401 F.2d 454, 546 (9th Cir. 1968) (citations omitted).

11       Plaintiffs subsequently amended their complaint, removing any allegations regarding work

12 performed in the Presidio. FAC ¶ 6. The Court acknowledges "if a case was properly removed, a

13 plaintiff cannot thereafter oust the federal court of jurisdiction by unilaterally changing the case so

14 as to destroy the ground upon which removal was based." *Millar v. BART Dist.*, 236 F. Supp. 2d

15 1110, 1116 (citing *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980)). The Court "has discretion to

16 retain jurisdiction to adjudicate [any] pendent state claims." *Id.* at 1116.

17       Plaintiffs' amendment only leaves state-based claims. This Court, upon its discretion, may

18 retain supplemental jurisdiction over these remaining claims. *Millar* provides the Court with

19 factors to consider when deciding whether to retain jurisdiction over supplemental state claims.

20 *Id.* at 1119. These factors include judicial economy, convenience, fairness, and comity ("*Millar*

21 factors"). *Id.* (citing *Acri v. Varian Associates*, 114 F.3d 999, 1001 (9th Cir.1997) (en banc)).

22       Here, the Court finds that the *Millar* factors weigh in favor of remanding the action to state

23 court. Judicial economy weighs in favor of remand. The Court's involvement in this case has

24 been limited as it has simply consolidated cases and issued a case schedule. ECF 38, 46. The

25 Court has yet to provide any rulings on substantive motions. Further, the factor of comity weighs

26 strongly in favor of remand. This action is a California action. All claims are based on California

27 state law. All alleged violations took place in California. All Plaintiffs are employed in California

28

locations. Despite these facts, Defendant requests the Court to apply a choice of law test based on the single fact that Defendant is headquartered in a federal enclave.

Under Defendant's proposed order, simply having a headquarters on a federal enclave is sufficient to trigger a choice of law analysis in which the federal enclave law will always come out on top. *See* ECF 66, at 11 ("[T]he Supremacy Clause dictates that federal law always *outweighs* competing state law.") (emphasis in original). Such an outcome to a question of first impression could result in far reaching consequences. Plaintiffs hypothesize corporations flocking to federal enclaves, opening a nominal headquarters, and creating an end-run around state laws. Opp'n 16–17. The Court considers this implication as it weighs the factor of comity in favor of remand.

The factor of convenience does not weigh strongly in either direction as the case will be decided in either federal court or state court in San Francisco. Finally, the factor of fairness introduces the question of whether Plaintiffs amended their complaint for the purpose of forum manipulation. Here, Plaintiffs clearly indicated that they intended to amend their complaint to remove this Court's jurisdiction pursuant to the federal enclave doctrine. *See* ECF 37. However, "a state forum will provide just as fair a proceeding as a federal one" and "it clearly is legitimate to want state judges to address claims based on state law —especially when that law is difficult and unsettled." *Millar*, 236 F. Supp. 2d at 1120–21. The factor of fairness weighs slightly against remand.

After weighing the *Millar* factors, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state-based claims. Accordingly, the Court **REMANDS** this state-based action for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons stated above, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-based claims. The Court hereby **REMANDS** this action to state court (San Francisco County Superior Court Docket: CGC-23-609276) without prejudice for lack of subject matter jurisdiction.

The Clerk of the Court shall provide the receiving court with a certified copy of docket entries and a certified copy of this Order. Subsequently, the case is ordered to be closed and terminated.

This Order terminates ECF 57.

**IT IS SO ORDERED.**

Dated: January 15, 2025

_____
TRINA L. THOMPSON
United States District Judge